UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BETTY MESI and ERIC MESI, | Case No. 3:16-cv-00065-RCJ-WGC |
| Plaintiffs, | **MINUTES OF PROCEEDINGS** |
| vs. | September 18, 2017 |
| SELECT PORTFOLIO SERVICING, *et al.*, | |
| Defendants. | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden      REPORTER:           FTR

COUNSEL FOR PLAINTIFFS:  Betty Mesi and Eric Mesi (telephonically)

COUNSEL FOR DEFENDANTS:   Robert DeLong (present obo Select Portfolio Servicing) and Kevin Soderstrom (telephonically obo National Default Servicing Corporation and Tiffany & Bosco)

**MINUTES OF PROCEEDINGS: Case Management Conference and Motions Hearing**

10:11 a.m.  Court convenes.

The court holds today's conference to address the status of the case and several motions filed by the plaintiffs (ECF Nos. 25, 32, 35, 37 and 38).

The court informs the plaintiffs of Local Rule IC 2-2(g), which requires a filer to provide chambers a paper copy of all electronically file documents that exceed 50 pages in length, including exhibits and attachments.  Additionally, the paper copies must be appropriately tabbed (see LR IA 10-3(i)).

The court reminds plaintiff Betty Mesi that as per ECF No. 27 she must file a "Consent to Electronic Filing" indicating she authorizes Eric Mesi to file documents on her and/or their collective behalf.  The consent must be filed no later than **Monday, 9/25/2017**.

Minutes of Proceedings
3:16-cv-00065-RCJ-WGC
September 18, 2017

      The court next addresses attorney Kevin Soderstrom who is appearing on behalf of attorney Gregory Wilde for named defendants National Default Servicing Corporation ("NDSC") and Tiffany & Bosco. Mr. Soderstrom states his office was unaware of today's conference and suggests it may be because NDSC filed a "Declaration of Non-Monetary Status Pursuant to SB 239" in a similar case (3:15-cv-00555-RCJ-WGC, *Mesi, et al v. U.S. Bank National Association, et al*) in December of 2015. The court recognizes NDSC filed such a notice in the similar *Mesi* matter; however, such notice has not been filed in the instant case. Furthermore, the court adds that a notice of non-monetary status is not necessarily recognized by this court.

      It is the court's observation that NDSC appears to have made a general appearance in this case pursuant to NDSC's filings, e.g., "consent to removal" (ECF No. 8) and joinder to motion to strike (ECF No. 9). The court further states Mr. Wilde is receiving notifications of documents filed in the case pursuant to the CM/ECF's "notice of electronic filing." Therefore, based on NDSC's filings and the electronic notifications, it is the court opinion that NDSC has made a general appearance in this case and counsel for NDSC shall be participating in this case until otherwise notified.

      The court next inquires whether defendant Select Portfolio Servicing ("SPS") intends to renew its motion to strike and/or submit a motion to dismiss. Mr. DeLong explains that SPS does intend to file a motion to dismiss, especially in view of the order just filed in the *Mesi, et al v. U.S. Bank National Association, et al.*, matter denying plaintiffs' request to reopen that matter.

      The court next addresses the parties' requirement to file a joint case management report. The court is in receipt of SPS's case management report (ECF No. 34); however, the report does not include the participation of either the plaintiffs or NDSC. The court is also in receipt of plaintiffs' "Case Management Report of Select Portfolio Servicing Fraudulently Claiming a Loan Plaintiff Does Not Have, Exhibits to Discuss at Hearing" (ECF No. 35). The court comments that the plaintiffs' "case management report" does not provide any of the information it is required to address pursuant to the court's instruction set forth in the case management order (ECF No. 30). The court expresses its disappointment of the parties' lack of communication and participation for the submission of the joint case management report.

      Mr. Mesi states he attempted on several occasions to reach Mr. DeLong via email but never received communication back from Mr. DeLong. Mr. DeLong indicates he has not received any emails from Mr. Mesi. The court directs Mr. Mesi to submit to the court a "Notice of Submission of DeLong Emails" and include copies of the emails sent to Mr. DeLong subsequent to 8/11/2017.

The court directs Mr. DeLong to verify Mr. Mesi's email are not being filtered to a spam folder.

The court next addresses several outstanding motions submitted by the plaintiffs.

Under Fed. R. Civ. P. 26(d), discovery is precluded until the parties have conducted a meet and confer conference under Fed. R. Civ. P. 26(f). In view of the plaintiffs failing to comply with Fed. R. Civ. P. 26, plaintiffs' motion for discovery (ECF No. 25) is **DENIED**.

In light of the parties not conducting a Rule 26(f) conference, the court notes that plaintiffs are premature to enter into discovery. Furthermore, because discovery has not been properly undertaken in this case, there are no discovery requests to compel at this time. Finally, even if discovery had been conducted in this case, under the Local Rules a meet and confer conference is required before any discovery motion is filed before the court's intervention (LR 26-7). Again, the parties have not conducted any meet and confer conference. Therefore, plaintiffs' motion for compel (ECF No. 32) is **DENIED**.

The court has brief discussion regarding the documentation plaintiffs submitted as attachments to their motions for hearing (ECF Nos. 37 and 38). After hearing from Mr. Mesi, the court states it does not need nor require the information submitted in the documentation and the documents may or may not be information the IRS might require is irrelevant to the court. Therefore, to the extent the plaintiffs' documents submitted as ECF No. 37 and ECF No. 38 constitutes as motions, they are **DENIED**.

In view of the court denying ECF No. 37 and ECF No. 38, plaintiffs are not required to submit paper copies of either ECF No. 37 or ECF No. 38. However, the plaintiffs should be mindful of the requirements of LR IA 10-3(i); see ECF No. 39.

The court returns to the case management portion of today's hearing and contemplates entering a deadline for the completion of discovery. Counsel for SPS suggests before a scheduling order is entered, the parties should conduct a Rule 26(f) conference. Mr. DeLong adds that once a conference is conducted, SPS will likely file its motion to dismiss along with a motion to stay discovery.

The court concurs the parties should complete their Rule 26 obligations and are instructed to do so. The parties are further instructed to submit a <u>joint</u> case management report no later than **Tuesday, 10/17/2017**. The court reminds Mr. Soderstrom that NDSC shall participate in this case until further notice.

///

Minutes of Proceedings
3:16-cv-00065-RCJ-WGC
September 18, 2017

      The court schedules a continued case management conference for **Tuesday, 10/24/2017, at 10:00 a.m.**, in Reno Courtroom 2 before Magistrate Judge William G. Cobb. *Pro Se* plaintiffs and defense counsel wishing to appear telephonically shall dial **1-877-873-8017**, enter the access code **3416460**, and enter the security code **102417**, approximately five (5) minutes prior to the hearing.

      There being no additional matter to address at this time, court adjourns at 11:01 a.m.

      DEBRA K. KEMPI, CLERK OF COURT

      By: _____/s/_____
          Katie Lynn Ogden, Deputy Clerk