# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BETTY MESI et al.,

       Plaintiffs,

   vs.

SELECT PORTFOLIO SERVICING et al.,

       Defendants.

3:16-cv-00065-RCJ-WGC

**ORDER**

This case arises out of a foreclosure of real property. Defendant Select Portfolio Servicing ("SPS") seeks the dismissal of this action with prejudice because it is duplicative of another action filed in this Court: *Mesi v. U.S. Bank Nat'l Ass'n*, No. 3:15-cv-555-RCJ-WGC (filed Nov. 13, 2015) ("the '555 Complaint" or "the '555 Case"). (Mot. Dismiss, ECF No. 45.) The Court grants the motion.

The instant action is improperly duplicative of the '555 Complaint. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted). To determine whether a complaint is duplicative of an earlier-filed complaint, a court asks whether the complaints contain (1) the same causes of action and (2) the same parties or privies. *Id.* at 688–91; *see also Bell v. Recontrust Co.*, No. 3:10-cv-444, 2011 WL 1298320, at *1 (D. Nev. Mar. 30, 2011) (Jones, J.),

*aff'd*, 587 F. App'x 402 (9th Cir. 2014). The two cases at issue here arise from precisely the same set of operative facts. The complaints are virtually the same, with identical tables of contents, "questions presented" sections, and prayers for relief. With very few minor changes, Plaintiffs have essentially copied the '555 Complaint and refiled it here.

The only noteworthy differences in the instant complaint are: (1) the addition of the language "complaint for wrongful death" on the caption page, and (2) the joinder of SPS. First, Plaintiffs contend the instant action is entirely distinct from their previously-filed case because this is a "wrongful death case." (Resp. 4, ECF No. 50.) However, with respect to the wrongful death claim, nothing has changed from their prior complaint save the title of their pleading. The factual allegations supporting their claim of wrongful death have been copied verbatim from the '555 Complaint. (Compare paragraph 10 of the instant complaint with paragraph 9 of the '555 Complaint.) Second, Plaintiffs attempted to join SPS as a defendant in the '555 Case through an improper amended complaint. (*See* 3:15-cv-555 Am. Compl., ECF No. 47.) In striking the amended complaint from the record, the Court instructed Plaintiffs that a proper amendment could be introduced only with the consent of all parties or with leave of the Court. (3:15-cv-555 Order 10, ECF No. 53.) Moreover, the original '555 Complaint makes it clear that Plaintiffs were aware of SPS's role as loan servicer, and its relationship with the named defendants in that case. (3:15-cv-555 Compl. 11, ECF No. 1-2.) Thus, Plaintiffs' decision not to name SPS in the '555 Complaint was their own.

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 45) is GRANTED WITH PREJUDICE.

IT IS FURTHER ORDERED that all other pending motions (ECF Nos. 51, 53, 55, 63, 65, 66, 74, 77) are DENIED AS MOOT.

IT IS SO ORDERED. April 16, 2018.

_____
ROBERT C. JONES
United States District Judge